# UNITED STATES DISTRICT COURT

_____Eastern_____ District of _____Michigan_____

UNITED STATES OF AMERICA

v.

Matthew Bender
_____Defendant_____

ORDER OF DETENTION PENDING TRIAL

Case Number: 10-20084

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
AUG 13 2013
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that

_____
_____
_____
_____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

8/13/13
Date

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Matthew Bender Order of Detention

Defendant comes before the Court on the Government's petition alleging that Defendant has not complied with conditions of his supervised release. Defendant was arrested in this District on August 13. 2013 after having absconded from supervision. Specifically on January 10, 2013 Defendant was placed on a $10,000 unsecured bond with the conditions that he 1) report as directed to Pretrial Services, 2) continue with mental heath treatment and provide verification of same to Pretrial Services, 3) have no contact with the taxpayers named in the charging document; 4) submit to drug testing and/or treatment, 5) clear all outstanding warrants with 90 days, 6) abstain from the preparation of tax documents for others, and 7) submit to DNA sampling upon release.

On March 15, 2013 a Pretrial status memo was submitted to the Honorable Julian A. Cook disclosing that Defendant continued to use drugs while on supervision (testing positive for cocaine), that he had failed to attend drug treatment sessions, and that he had failed to report as directed to his supervising officer. The memo also advised that Defendant was enrolled in an outpatient drug treatment center at the VA Hospital in Detroit where he attended once and then failed to return. Accordingly a Bond Review Hearing was ordered by Judge Cook.

The Bond Review Hearing was scheduled for July 2, 2013. Defendant failed to appear. Judge Cook issued an arrest warrant. Defendant was arrested on the warrant on August 13, 2013 and was brought into Court for his initial appearance.

The Government seeks detention, based upon Defendant's absconder status and his failure to comply with virtually all conditions of his supervised release.

Defendant asks for an unsecured bond with conditions, and that he be released to the third party custody of his daughter. Defendant claims that he has health issues which include heart problems, back problems, and that he is a cancer survivor who must be monitored on a regular basis.

Third party custody would not be appropriate as Defendant was living with his daughter when he failed to appear at his Bond Review Hearing on July 2, 2103 before Judge Cook. Furthermore, Defendant admits to leaving the District without permission from his supervising officer and traveling to Texas for two weeks (August 1 - August 12), again, while he was living with his daughter. The Court does not believe that third party custody by a daughter who has a full time job would impact Defendant's behaviors.

Defendant does not use good judgment, even when it is in his own bests interests. For example, he advises the Court that he has heart issues, but he continues to test positive for cocaine. He claims he needs follow up care for his post cancer/medical issues, but he abuses drugs. He failed to appear at his bond hearing, and he left the district without advising his supervising officer, but claims that he will comply with conditions of a new bond, should the Court grant bond, when he failed utterly and miserably to comply with the most basic conditions of his underlying bond.

Defendant is an absconder from supervision and has flaunted the Orders of this Court with impunity since his bond was ordered in January of this year. The record shows, by a preponderance of the evidence, that Defendant is a flight risk, and a danger to himself. There is no condition or combination of conditions that will assure his appearance in Court.

Therefore, Detention is Ordered.