UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                 Case No. 10-20084
                                      Honorable Julian Abele Cook, Jr.

MATTHEW BENDER,

    Defendant.

## ORDER

The Defendant, Matthew Bender, has been charged by a grand jury in a second superceding indictment with the failure to appear at a bond review hearing, in violation of 18 U.S.C. § 3146(a)(1). A jury trial is scheduled to begin on June 3, 2014.

Now pending before the Court is the Government's motion to compel Bender's former attorney and the Federal Defender's Office for the Eastern District of Michigan to comply with trial subpoenas that were issued to them on May 13, 2014.

Bender is charged with failing to appear at a hearing before this Court that was scheduled for July 2, 2013. The Government bears the burden of proving that (1) Bender had prior notice of this hearing, and (2) he knowingly failed to appear in this court on the designated date as directed. *See* 18 U.S.C. § 3146(a)(1). As a consequence, the Government seeks to elicit testimony from Bender's former attorney that he informed his client of the July 2nd hearing date. An examination of another trial subpoena reveals that the Government also seeks to have the Federal Defender's Office in Detroit submit "all correspondence to Matthew Bender notifying him of a July 2, 2013 court hearing" in this case.

Bender objects to any testimony by his former counsel or the presentation of any of his correspondence as a violation of the attorney-client privilege. As noted by the Sixth Circuit, the attorney-client privilege protects "confidential communications between an attorney and his client." *In re Grand Jury Subpoena*, 454 F.3d 511, 519 (6th Cir. 2006). It does not, however, prohibit the disclosure of *all* communications between client and attorney. *United States v. Weger*, 709 F.2d 1151, 1154 (7th Cir. 1983). The purpose of the privilege is "to ensure free and open communications between a client and his attorney" and "to encourage clients to make full disclosure to their attorneys." *In re Grand Jury Subpoena*, 454 F.3d at 519. "The burden of establishing the existence of the privilege rests with the person asserting it." *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 2983). The privilege should be narrowly construed. *Id.*

Although the Court is unaware of any Sixth Circuit case law that directly addresses the precise issue presented here, other courts have routinely held that testimony by a defendant's original counsel which simply confirms that he informed the defendant of a court date does not violate the attorney-client privilege. *See, e.g.*, *United States v. Gaulden*, 95 F. App'x 489, 490 (4th Cir. 2004) ("There is no attorney client privilege applicable to the communication of trial dates."). Some courts have reasoned that information concerning a defendant's obligation to appear at a court proceeding is not protected because it is "not of a confidential nature." *United States v. Gray*, 876 F.2d 1411, 1415-16 (9th Cir. 1989) (internal quotation marks omitted). Others have reasoned that the attorney-client privilege does not apply in this situation because the act of relaying information about the date and time of a proceeding is simply an attorney's duty as an officer of the court. *United States v. Bourassa*, 411 F.2d 69, 74 (10th Cir. 1969).

On the basis of the submitted reported case law, the Court concludes that those

communications or any portions thereof between Bender and his counsel which only inform him of the date and time of a court hearing are not protected by attorney-client privilege. This information does not reflect any legal advice rendered by counsel, nor does it implicate confidential disclosures by Bender. Rather, the proposed testimony simply indicates whether Bender's attorney relayed the information contained in the Court's public order that Bender was required to appear at a certain date and time. As a result, the Court will grant the Government's motion to compel. Accordingly, Bender's former counsel, who had represented him during all of the times that are relevant to this narrow issue, and the Federal Defender's Office are directed to fully comply with the trial subpoenas issued to them by the Government on May 13, 2014.

IT IS SO ORDERED.

Dated:  May 29, 2014                              s/Julian Abele Cook, Jr.
           Detroit, Michigan                            JULIAN ABELE COOK, JR.
                                                                United States District Court Judge


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 29, 2014, by electronic and/or ordinary mail.

                              S/Julie Owens
                              Case Manager